Dear Mr. Tubb Police Jury:
This office is in receipt of your opinion request in which you ask the following:
 (1) Does the Ouachita Parish Police Jury have the statutory authority to adopt the ordinance attached hereto as Exhibit "A", drafted by Jim Nolan, Justice of the Peace of Ward 8, Ouachita Parish, Louisiana?
 (2) May the Ouachita Parish Police Jury define litter to include junked or wrecked automobiles, and abandoned appliances, permit trials of violations in a Justice of the Peace Court and levy liens on the offending property to be collected by the Justice of the Peace Court, which collections may then be utilized to offset the costs of the Justice of the Peace Court under LSA-R.S. 13:2589(B)?
A justice of the peace is granted parish wide concurrent jurisdiction over litter violations occurring anywhere in the parish in which the court is situated in accordance with LSA-R.S.13:2586, which states as follows:
R.S. 13 § 2586. Jurisdiction and procedure
 A. Justices of the Peace shall have concurrent jurisdiction with the district courts in all civil matters as set forth in Article 4911 through 4913 of the Code of Civil Procedure.
 B. They shall have no jurisdiction in succession or probate matters, or when a succession is a defendant, or when the state, parish, or municipality, or other political corporation, is a party defendant, or when the title to real estate is involved.
 C. (1) They shall have criminal jurisdiction as committing magistrates and shall have the power to bail or discharge, in cases not capital or necessarily punishable at hard labor, and may require bonds to keep the peace.
 (2) A justice of the peace shall have concurrent jurisdiction over litter violations occurring anywhere in the parish in which the court is situated, which are prohibited by R.S. 25:1111 or any ordinance of a parish governing body providing for litter abatement or control that provides that the trial for the violation of any such ordinance may be in a justice of the peace court. In addition, a constable may issue summons and serve subpoenas for such violations occurring anywhere in the parish in which his court is situated. However, the penalty that may be imposed by a justice of the peace in connection with a litter violation prohibited by R.S. 25:1111 shall be limited to the range of fines allowed by R.S. 25:1111(E)(1).
 (3) A justice of the peace shall not have the authority to issue a warrant for the arrest of a law enforcement officer for acts performed while in the course of scope of his official duties.
 D. Persons convicted in a justice of the peace court for a litter violation pursuant to the criminal jurisdiction authorized and granted by Subsection C shall have the right of direct appeal to the district court by trial de novo for the parish in which the justice of the peace court is situated. The appeal must be filed within ten days of the date of the conviction and notice of the appeal must be given within the ten-day period to the justice of the peace who adjudicated the matter, the district court to which the matter is being appealed, and the district attorney for the district in which the parish and justice of the peace court are located. The appeal from a decision of the district court shall be the same as provided by law for appeals of criminal matters adjudicated by a district court. If the conviction is sustained on appeal, the defendant may be assessed additional court costs by the district court as authorized by law.
Please note § C(2) of the above statute which states that a justice of the peace may hear litter violations in accordance with an ordinance of a parish governing body providing for litter abatement or control that provides that the trial for the violation of any such ordinance may be in a justice of the peace court. The Ouachita Parish Police Jury, being the governing body of Ouachita Parish, has the authority to enact an ordinance providing for litter abatement or control. It is at the police jury's discretion to determine the specifics of such a parish ordinance. Thus, the Ouachita Parish Police Jury does have the statutory authority to adopt a litter ordinance similar to the one attached as Exhibit "A" of your original request letter. Specific provisions of this statute and advice thereon are left to the discretion of the police jury. Please note however that pages 7 8 of the attached proposed ordinance deal with the open air burning of garbage. LSA-R.S. 13:2586 only contemplates the justice of the peace having authority over a "litter violation" in accordance with the corresponding parish ordinance. As pages 7 8 of your proposed ordinance are cited as the "Ouachita Parish Open Air Burning Prohibition Ordinance" the justice of the peace would not have jurisdiction to conduct trials for violations of that section of the ordinance.
Regarding whether or not you may define "litter" to include junked or wrecked automobiles and abandoned appliances, please note LSA-R.S. 30:2522, which provides definitions for the part of the statutes in which the litter provisions are found. LSA-R.S.30:2522, states:
 § 2522. Definitions
 As used in this Part, the following words have the meanings ascribed to them unless the context requires otherwise:
 (1) "Department" means the Department of Environmental Quality.
 (2) "Commission" means the Louisiana Litter Reduction and Public Action Committee.
 (3) "Litter" means all waste material except as provided and defined in R.S. 30:2173(2), including but not limited to disposable packages, containers, sand, gravel, rubbish, tin cans, refuse, garbage, trash, debris, dead animals, or other discarded materials of any kind and description which are not previously defined, thrown or deposited.
 (4) "Local governing authority" means the governing authority of the parish or the governing authority of the municipality in which the littering offense was committed.
 (5) "Section" means the litter reduction and public action section located within and acting through the office of solid and hazardous waste of the Department of Environmental Quality.
 (6) "Dump" means to throw, discard, place, deposit, discharge, burn, or dispose of a substance.
 (7) "Public or private property" means the right-of-way of any road or highway, levee, any body of water or watercourse or the shores or beaches thereof, any park, playground, building, refuge, or conservation or recreation area, and residential or farm properties, timberlands, or forests.
Wrecked automobiles and abandoned appliances would not fall within the definition of "litter" in accordance with the above definition. Thus, the police jury may not expand the definition of "litter" beyond that as defined by the legislature — the state litter statute.
Finally, you ask if litter violations may be tried in a justice of the peace court with the justice of the peace levying fines for such litter offenses. You ask if these fines may be collected by the justice of the peace and then utilized to offset the cost of the justice of the peace court. LSA-R.S. 13:2586, as cited above, gives the justice of the peace authority to conduct trials for violations of state or parish litter ordinances, and states that a penalty may be imposed by the justice of the peace in connection with litter violations.
LSA-R.S. 13:2589, states as follows:
 § 2589. Compensation of justices of the peace and constables in criminal matters
 A. Justices of the peace and constables shall receive no fees in criminal matters or in peace bond cases, but in lieu thereof they shall receive such salaries as are fixed by the parish governing authority and paid by the parish, which salaries shall be graded.
 B. Notwithstanding the provisions of R.S. 25:1112 governing the distribution of fines for littering set forth in R.S. 25:1111, and notwithstanding the provisions of Subsection A above, the local governing bodies receiving the fines imposed by R.S. 25:1111 and by any parish ordinance shall reimburse those justice of the peace courts and ward constable offices who handle litter violations for the time spent and expenses incurred by the respective justice of the peace, and constable, deputy constable, or special deputy constable.
While the justice of the peace may impose fines to offenders in court, the money should be turned over to the local governing body such as the police jury for disbursement. As noted by the above cited statute, a parish shall reimburse those justices of the peace and constables who handle litter violation for the time spent and the expenses incurred for handling these cases. Justices of the peace and constables may not receive compensation based on the fines they impose and collect. Rather, the reimbursement of expenses must be made on an independent basis. The justice of the peace must remain an impartial judge and his compensation may not be tried directly to the convictions and fine collections of those individuals he adjudicates. See also Attorney General Opinion Number 97-118 (attached).
In conclusion, a parish police jury does have the statutory authority to adopt litter ordinances. The trial for violations of these litter ordinances may be tried in a justice of the peace court if the parish ordinance so provides and the justice of the peace may impose fines for violations of these ordinances. These fines shall be collected by the parish police jury. The police jury should reimburse justices of the peace and constables for their expenses in conducting the trials on these litter violations. Junked or wrecked automobiles and abandoned appliances do not fall under the state definition of "litter".
We hope the foregoing addresses your concerns. If you need further assistance, please do not hesitate to contact our office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ___________________________ J. RICHARD WILLIAMS Assistant Attorney General
RPI:JRW:glb
Attachment(s)
Date Received: Date Released:
J. RICHARD WILLIAMS Assistant Attorney General
State of Louisiana
DEPARTMENT OF JUSTICE
RICHARD P. IEYOUB Baton Rouge P.O. Box 94005 ATTORNEY GENERAL TEL: (504) 342-7013 70804-9005 FAX: (504) 342-7335
JUNE 12, 1997